UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS OIL PRODUCTS, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMSOIL, INC.; and DOES 1-50, inclusive.<br><br>　　　　　　Defendants. | CASE NO. CV12-01348 DDP (DTBx)<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION** |

　　　　Pursuant to the Stipulation for Protective Order Concerning Confidential Information of plaintiff Lucas Oil Products, Inc. and defendant AMSOIL INC., and good cause appearing therefor, the following Protective Order is hereby entered:

## DEFINITIONS

　　　　1.　　The term "Material" includes but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account;

worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; data, summaries, and compilations from which information can be obtained and translated into reasonably usable form; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; responses to interrogatories or requests for admissions; deposition testimony and transcripts and recordings of deposition testimony; other writings; and samples, exemplars, models, prototypes and other physical objects.

2. The term "Confidential Information" means and includes information that has not been made public and which, in the good faith belief of a party and its counsel, could result in harm to that party's business or financial interests or to its competitive position should such information be disclosed or disseminated to the public or competitors.

3. The term "Attorney's Eyes Only Information" means and includes Confidential Information which, in the good faith belief of a party and its counsel, could result in harm to that party's business or financial interests or to its competitive position should such information be disclosed to the opposing party.

4. The term "Counsel" means counsel of record, together with other attorneys, paralegals, secretaries and other support staff employed in the law firms of Best Best & Krieger LLP, Sedgwick LLP and Ropers, Majeski, Kohn & Bentley.

## **GENERAL RULES**

5. This Protective Order shall apply to all Confidential Information. Confidential Information shall be used only for the purpose of the prosecution, defense, or settlement of this litigation, and for no other purpose.

6. Any party may designate Material as Confidential Information by stamping or writing the word "Confidential" on the face of the item or on the portion thereof containing the Confidential Information. With respect to multipage

documents, each page of the document containing Confidential Information shall be so stamped or marked. Copies, extracts, summaries, notes, and other derivatives of Material designated as "Confidential" pursuant to this Order also shall be deemed to be Confidential Information and shall be subject to the provisions of this Order.

7. Any party may designate as "Confidential" all or a portion of any deposition testimony, deposition transcript or deposition recording at any time before or during a deposition or by written notice to the deposition reporter and to all parties within thirty days after receipt of the deposition transcript(s) or deposition recording(s). Any deposition testimony, deposition transcripts or deposition recordings so designated shall be deemed to be Confidential Information and shall be subject to the provisions of this Order. Any party that has designated as "Confidential" a portion of any deposition testimony, deposition transcript(s) or deposition recording(s) shall instruct the deposition reporter to segregate such portion of the deposition transcript(s) in a separate volume stamped or marked "Confidential."

8. With respect to Material produced by any third party, any party may designate any such Material as "Confidential" by providing written notice of such designation to all other parties. Third parties providing Material pursuant to subpoena or otherwise in connection with this litigation may designate such Material as "Confidential" under the terms of this Order. Such third parties will share the same rights and obligations under this Order as parties to this litigation.

9. Confidential Information disclosed or produced pursuant to this Order may be disclosed or made available only to the Court and its personnel, to Counsel, to the author and to an identified recipient of the particular Confidential Information, and to the following "Qualified Persons:"

/ / /

    (a)    an officer, director, employee, or outside counsel of a party who

is responsible for handling and/or directly participating in the prosecution, defense or settlement of this litigation on behalf of such party, and excluding all other employees and agents of such party;

  (b) experts or consultants (together with their clerical staff) retained by Counsel to assist in the prosecution, defense, or settlement of this litigation; in no event, however, shall an "expert or consultant" include anyone who is an officer, director, shareholder, owner or employee of a party or of a competitor of a party, or who was an officer, director, shareholder, owner or employee of a party or competitor of a party at any time since January 1, 2005, or who, at the time of retention, is anticipated to become an officer, director, or employee of a party or of a competitor of a party. This paragraph is intended to restrict a party's disclosure of another party's Confidential Information and nothing in this paragraph shall be construed as a restriction on whom the parties may retain as experts or consultants;

  (c) certified shorthand reporter(s) and videographers employed in the taking, recording, or transcribing of testimony in this litigation;

  (d) a witness at any deposition or other proceeding in this litigation; and

  (e) any other person as to whom the parties in writing agree.

 10. Prior to receiving any Confidential Information, each Qualified Person described in subparagraphs 9(a), (b), (d) and (e) shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A. The originals of such executed nondisclosure agreements shall be maintained by counsel for the party who obtained them until the final resolution of this litigation. A copy of each nondisclosure agreement executed by any Qualified Person described in: (i) subparagraphs 9(d) or (e) shall be provided forthwith to counsel of record for each party; (ii) subparagraph 9(b) will be provided with respect to disclosed experts at the time of expert disclosures as determined by the Federal Rules of Civil Procedure, the Local Rules, or court order; and (iii)

1  subparagraph 9(a) and subparagraph 9(b) with respect to non-disclosed experts and
2  consultants upon order of the court for good cause shown.

3      11.    Any party may designate Material as Attorney's Eyes Only
4  Information by stamping or writing the term "Confidential - Attorney's Eyes Only"
5  on the face of the item or on the portion thereof containing the Attorney's Eyes
6  Only Information.  With respect to multipage documents, each page of the
7  document containing Attorney's Eyes Only Information shall be so stamped or
8  marked.  Copies, extracts, summaries, notes, and other derivatives of Material
9  designated as Attorney's Eyes Only Information pursuant to this Order also shall
10 be deemed to be Attorney's Eyes Only Information and shall be subject to the
11 provisions of this Order.  Attorney's Eyes Only Information shall be disclosed only
12 to the Court and its personnel, to Counsel, to the author and to an identified
13 recipient of the particular Attorney's Eyes Only Information, and to the Qualified
14 Persons listed in subparagraphs 9(b) through (e) above, but shall not be disclosed
15 under any circumstances to a party, or to an officer, director, shareholder, owner or
16 employee of a party, even if such a person otherwise fits the defined categories in
17 9(b) through (e) above, unless otherwise agreed in writing or ordered.  If disclosure
18 of Attorney's Eyes Only Information is made pursuant to this paragraph, all other
19 provisions in this Order with respect to Confidential Information shall also apply to
20 such Attorney's Eyes Only Information.

21     12.    Only Qualified Persons may attend depositions, or portions of
22 depositions, at which Confidential Information and/or Attorney's Eyes Only
23 Information is used or discussed.

24     13.    Nothing herein shall impose any restrictions on the use or disclosure
25 by a party of Material obtained by such party independent of required disclosures
26 and discovery in this litigation, whether or not such Material is also obtained
27 through discovery in this litigation, or from using or disclosing its own
28 Confidential Information as it deems appropriate.

1        14.     If Confidential Information and/or Attorney's Eyes Only Information, including any portion of a deposition transcript designated as such, is included in any papers to be filed with the Court, the party seeking to include such Information shall apply to the Court for approval to file such Confidential Information and/or Attorney's Eyes Only Information under seal pursuant to Local Rule 79-5.1.  The application shall state that: (a) the parties have agreed that the papers (or confidential portions thereof) may be filed under seal  pursuant to this Order; and (b) if the application is denied, the application and all underlying documents shall be returned, without filing, to the party submitting the application.

        15.     This Order shall be without prejudice to the right of the parties: (a) to bring before the Court at any time the question of whether any particular Material is confidential or whether its use should be restricted; or (b) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

        16.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this litigation without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

/ / /

        17.     The inadvertent or mistaken disclosure by a party of Confidential Information and/or Attorney's Eyes Only Information to another party or parties shall not constitute a waiver of any claim of confidentiality.  Upon discovery of the

1 inadvertent or mistaken disclosure of Confidential Information and/or Attorney's
2 Eyes Only Information, the disclosing party shall notify the receiving party(ies) of
3 such inadvertent or mistaken disclosure and, within thirty (30) days of having
4 provided such notice, the disclosing party shall provide properly re-designated
5 documents to the receiving party(ies).  During the thirty (30) day period after
6 notice, the Material inadvertently or mistakenly disclosed shall be treated as
7 designated in the disclosing party's notice.  Upon receipt of properly re-designated
8 documents, the receiving party(ies) shall return all unmarked or incorrectly
9 designated documents and other Material to the disclosing party within five (5)
10 business days.  The receiving party(ies) shall not retain copies thereof and shall
11 treat information contained in said documents and Material and any summaries or
12 notes thereof as appropriately marked pursuant to the disclosing party's notice.

13     18. Should any Confidential Information and/or Attorney's Eyes Only
14 Information be disclosed, through inadvertence or mistake, by any receiving party
15 to any person other than a Qualified Person, then the receiving party shall: (a) use
16 its best efforts to obtain the return of any such Confidential Information and/or
17 Attorney's Eyes Only Information and to bind such person to the terms of this
18 Order; (b) inform such person in writing of all provisions of this Order within three
19 (3) business days of the discovery of such disclosure; (c) inform the disclosing
20 party of the identity of such person in writing within five (5) business days of the
21 discovery of such disclosure; and (d) request such person to sign the Nondisclosure
22 Agreement attached hereto as Attachment A.  If such person agrees to sign the
23 Nondisclosure Agreement, the receiving party shall serve a copy of the executed
24 Nondisclosure Agreement on counsel of record for the disclosing party within five
25 (5) business days of its execution.  Nothing in this paragraph is intended to limit
26 the remedies that the disclosing party may pursue for breach of this Order, except
27 that no party shall be subject to sanctions for such inadvertent or mistaken
28 disclosure so long as the party was acting in good faith and immediately undertook

1 any necessary or reasonable remedial actions.

2     19. This Order shall survive the final termination of this litigation, to the extent that the information contained in Confidential Information and/or Attorney's Eyes Only Information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this litigation, counsel for each party shall assemble and return to each other or shall certify the destruction of all Confidential Information and/or Attorney's Eyes Only Information, in whatever form it might be stored, including all copies, extracts, or summaries thereof. Parties may retain only a single file copy of each pleading that contains Confidential Information and/or Attorney's Eyes Only Information, with the understanding that such Confidential Information and/or Attorney's Eyes Only Information remains subject to this Order and is not to be used in any other matter in any way.

**IT IS SO ORDERED**.

DATED: July 9, 2012

_____
Honorable David T. Bristow
United States Magistrate Judge

Attachment A
## Nondisclosure Agreement

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in Lucas Oil Products, Inc. v. AMSOIL INC., United States District Court Case No. CV12-01348 DDP, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.  I hereby consent to the jurisdiction of the Court for purposes of enforcing this Nondisclosure Agreement.

DATED:_____    _____
[name of signator typed or printed]

LA/1307708v1